IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kelly Ayers, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 1001 |
| Valentine & Kebartas, Inc., a Massachusetts corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Kelly Ayers, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Kelly Ayers ("Ayers"), is a citizen of the State of Virginia, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Chase Bank credit card account, despite the fact that she had exercised her right to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Valentine & Kebartas, Inc. ("V&K"), is a Massachusetts corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. V&K operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant V&K was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant V&K is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, V&K conducts business in Illinois.

6. Moreover, Defendant V&K is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, V&K acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Ayers fell behind on paying her bills, including one she allegedly owed for a Chase Bank credit card account. At some point in time, after that debt became delinquent, Defendant V&K began trying to collect this debt from her, by calling her and sending her a collection letter, dated August 1, 2011. A copy of Defendant's letter is attached as Exhibit C.

8. Accordingly, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant's collection actions. On September 13, 2011, one of Ms. Ayers' attorneys at

LACD informed Defendant, in writing, that Ms. Ayers was represented by counsel, and directed V&K to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Ayers was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. A copy of this letter and fax confirmation is attached as Exhibit D.

9. Thereafter, from its offices in Chicago, Illinois. Ms. Ayer's attorneys sent Defendant V&K twenty-two regular monthly payments on the debt, and Defendant accepted those payments.

10. Nonetheless, on July 12, 2013, Defendant V&K sent a collection letter about the Chase debt directly to Ms. Ayers. A copy of this letter is attached as Exhibit E.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Ayers' attorney/agent, LACD, told Defendant to

cease communications with Ms. Ayers (Exhibit D).  By continuing to communicate via letter regarding the debt and demanding payment from Ms. Ayers (Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

16. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19. Defendant V&K knew that Ms. Ayers was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant to cease directly communicating with her.  By directly sending Ms. Ayers a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant V&K violated § 1692c(a)(2) of the FDCPA.

20. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.§1692k.

**PRAYER FOR RELIEF**

Plaintiff, Kelly Ayers, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Ayers, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Kelly Ayers, demands trial by jury.

Kelly Ayers,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 12, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com